# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:10cv239

| | |
|---|---|
| BRIAN K. NEWTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10] and the Defendant's Motion for Summary Judgment. [Doc. 12].

## I. PROCEDURAL HISTORY

The Plaintiff Brian Newton filed an application for a period of disability and disability insurance benefits on July 18, 2006 alleging that he had become disabled as of January 1, 2002. [Transcript ("T.") 40]. The Plaintiff's application was denied initially and on reconsideration. [T. 30-32, 34-37]. A hearing was held before Administrative Law Judge ("ALJ") Joseph E. Brezina on January 14, 2009. [T. 304-19]. On June 2, 2009, the ALJ issued a decision denying the Plaintiff benefits. [T. 13-20]. The Appeals Council

accepted additional evidence, but denied the Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. [T. 5-8]. The Plaintiff has exhausted his available administrative remedies; the case is now ripe for review. 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment

3

is shown and the claimant is not disabled.  Id.  Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience.  Id.  Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past.  If the claimant can still perform that work, then a finding of not disabled is mandated.  Id.  Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's RFC, age, education, and past work experience enable the performance of other work.  If so, then the claimant is not disabled.  Id.

**IV.   FACTS AS STATED IN THE RECORD**

Plaintiff was 50 years old at the time of his hearing before the ALJ.  [T. 206].  He had completed the ninth grade and had a GED.  [Id.].  He had last worked as a material handler at Doblin. [T. 207].

He claimed to be disabled by pain and limitations in both hips and his right knee.  Plaintiff had a history of injuries from accidents, beginning with being run over by a car at age eight, with injuries all along his right side.  [T.

97]. He developed a painful knee condition after breaking his leg in an accident in 2002. It had begun to heal without treatment before he became aware of the severity of the injury. At the same time, management at Doblin asked him to transfer to a different work location. He resigned rather than accept the transfer. [T. 208]. He did not, however, leave any prior job due to limitations from his impairments. [T. 208-09]. Other than an unsuccessful attempt to work as an electrician's "gofer," he did not seek work again after leaving Doblin, claiming that his knee and hips would "go out on him." [T. 204]. He testified that he was not even able to carry a bucket of water to feed his dogs. [T. 209]. He did not have insurance or Medicaid. [T. 210]. During a term of imprisonment from 2004 to 2005, he performed walking and bending maneuvers while working on a forestry crew for a month. Prison medical personnel found that his hip "went out of whack" due to degenerative joint disease, and took him off the forestry crew. [T. 210-11].

Plaintiff's daily activities consist of making himself coffee and an egg, feeding a sick baby, and watching television. [T. 214-15]. He chooses not to do housework. [T. 214]. His sole testimony about limitations from his impairment was that he had significant pain, and could not stand "long enough" or remain seated "long enough" without his leg going to sleep, mainly

5

on his right side. [T. 216-7]. He reported taking pain pills, but not those obtained through a doctor's prescription. [T. 218].

**V.    THE ALJ'S DECISION**

On June 2, 2009, the ALJ issued a decision denying the Plaintiff benefits. [T. 13-20]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff's date last insured was June 30, 2007 and that he had not engaged in any substantial gainful activity since January 1, 2002, the alleged date of onset. [T. 15]. The ALJ then determined the following severe impairments: disorders of the right knee and right hip with "mild" to "moderate" early degenerative disease. [T. 16]. The ALJ concluded that Plaintiff's impairments did not meet or equal a listing. [T. 17]. He then determined that Plaintiff retained the residual functional capacity (RFC) to perform a full range of medium work, and had the mental capacity to perform unskilled and semi-skilled work on a sustained basis. [T. 17]. He found that Plaintiff was able to perform his past relevant work as a material handler, robot welder, and tow motor driver. [T. 19]. Accordingly, he concluded that the Plaintiff was not disabled from January 1, 2002 through the date of his decision. [T. 19].

## VI. DISCUSSION

Plaintiff claims that the ALJ's finding as to his residual functional capacity (RFC) was not supported by substantial evidence, and that the ALJ failed to articulate a comparison between the functional limitations he found in Plaintiff's RFC with the functional demands of his past work. Based thereon he argues that the ALJ erroneously found that Plaintiff could perform his past relevant work.

### A. The RFC found by the ALJ is supported by substantial evidence.

The ALJ found that Plaintiff has the following RFC:

> [C]laimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c), in that he can lift and carry 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk for at least 6 hours in an 8-hour workday. He can sit for at least 6 hours in an 8-hour workday. He can perform pushing and/or pulling motions subject to the aforementioned weight restrictions. He has no additional postural, manipulative, visual, communicative, or environmental limitations. He also retains the mental capacity to perform either unskilled or semi-skilled work activity on a sustained basis.

[T. 17].

The burden of proof on the issue of residual functional capacity is on the Plaintiff. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1502; <u>English v. Shalala</u>, 10

F.3d 1080, 1082 (4th Cir. 1993). For a claim spanning eight years from onset to hearing, Plaintiff only offered medical evidence from an eight-month imprisonment in 2004, and from a few months of treatment for injuries from a 2008 motor vehicle accident. He did not offer any records related to treatment for his leg injury in 2002. [T. 207].

The ALJ must base his RFC finding on evidence from an accepted medical source. Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). The Plaintiff, however, presented little such evidence.

Early during the 2008 treatment for injuries from his motor vehicle accident, treating physician Dr. Shah-Khan wrote that Plaintiff was unable to work due to whiplash and contusions from the accident. [T. 130]. The ALJ dismissed that opinion after noting that Dr. Shah-Khan's records demonstrate that, with continued treatment, Plaintiff was restored to full cervical range of motion and responding to other treatment. He found that those records did not demonstrate impairments of a qualifying twelve months' duration. Accordingly, he afforded the Shah-Khan opinion little weight. [T. 18]. Plaintiff does not contest this finding, and it is supported by substantial evidence.

The ALJ relied instead on the RFC opinion of Dr. Dorothy Linster, M.D., which was prepared on August 4, 2006 for Disability Determination Services

8

(DDS). Plaintiff asserts that the ALJ's finding in this regard is insufficient arguing:

> [A]ll that the ALJ said in the entire decision regarding plaintiff's ability to perform his part relevant work [was] . . .
>
>> On August 4, 2006, Dr. Dorothy Linster, a medical consultant with the State Agency, who reviewed all of the evidence then of record, opined that the claimant retained the physical functional capacity to perform a full range of medium work activity. (Exhibit 4F) The undersigned finds that the opinion of Dr. Linster is well reasoned, well documented, and consistent with the record as a whole. Accordingly, it is entitled to great weight and has been incorporated into the above assessment of the claimant's residual functional capacity. (Tr.18,19)
>
> In fact, all that Dr. Linster said explaining his RFC was:
>
>> Initial RFC dated 02/27/06 gives detailed history limiting claimant to medium work. . . .
>>
>> I have reviewed all the evidence in the file and the RFC dated 2/27/06 is affirmed as written. (Tr. 144)
>
> The February 27, 2006, "RFC" is a series of conclusions by check marks on a form with the only "history" a brief note with no mention in it at all of findings that relate to his lifting, carrying, standing or walking. He gave bare conclusions. (Tr. 164, 170)
>
> This is hardly the well reasoned, well documented opinion the ALJ reported.

[Doc. 11 at 4-5].

Contrary to the Plaintiff's argument, the February 2006 RFC provides extensive information as to Plaintiff's limitations. [T.164-70]. Dr. Linster, while not repeating those limitations in detail but only referring to them in the report, found the limitations to be supported by the medical evidence set out in her report. [T.144]. The February 2006 RFC assessment shows that its RFC findings were arrived upon after a full review of the minimal existing medical evidence. [T. 163-170]. Moreover, Dr. Linster's opinion manifested her own independent review of the medical evidence before affirming the February findings. Plaintiff argues that Dr. Linster's report "is hardly the well reasoned, well documented opinion the ALJ reported." [Doc. 11 at 5]. When the opinion is read together with the medical findings and RFC conclusions reference therein, however, it reflects Dr. Linster's reasoning and supports the ALJ's conclusion. The ALJ offered permissible reasoning for his reliance on Dr. Linster's opinion, and it was supported by substantial evidence. See 20 C.F.R. § 404.1527(d). Moreover, no credible medical evidence contradicts it. Not even Plaintiff's own testimony would support a finding that his limitations are any different from those found by the ALJ. For these reasons, this assignment of error is overruled.

**B. The ALJ's analysis regarding the Plaintiff's ability to perform his last relevant work was supported by substantial evidence and is in accord with the law.**

Plaintiff next complains that the ALJ erred in finding that he could perform his past relevant work as a material handler, robot welder, and tow motor driver. Specifically, Plaintiff argues that the ALJ should have articulated a comparison of his RFC with the requirements of his past work. In support of this argument, the Plaintiff cites SSR 82-62, which requires the ALJ's decision to contain among its findings, "[a] finding of fact as to the physical and mental demands of the past job/occupation." Id. at *4.

The burden of proof remained upon Plaintiff at this last phase of the step four analysis to demonstrate that he could not perform those jobs due to limitations from severe impairments. 20 C.F.R. § 404.1545(a)(3). Plaintiff, however, offered no testimony whatsoever about the demands of his past relevant work. His application materials listed three jobs, but only detailed the demands of one: the tow motor driver job. Plaintiff described this job as requiring one hour of walking, two hours of standing, five hours of sitting, five hours of reaching, and one hour each of climbing, stooping, kneeling, and crouching in an eight-hour day. The heaviest lifting required was under ten pounds. [T. 88-9].

The ALJ is permitted to access the <u>Dictionary of Occupational Titles</u> (DOT) for purposes of classifying past relevant work as it is generally performed in the national economy. SSR 82-61 at *1-2.

The ALJ found that,

> with the claimant's descriptions of this work as well as the classifications contained in the Dictionary of Occupational Titles, the claimant's past relevant work is classified as ranging from light to medium in exertion and being unskilled to semi-skilled in nature.

[T. 19].

Since the Plaintiff presented so little evidence regarding the demands of his prior jobs as actually performed, the ALJ was left with no option for performing the required analysis other than to refer to the DOT. This step in the ALJ's analysis was permissible, and was supported by substantial evidence. Moreover, Plaintiff points to no evidence in the record that the demands of his prior jobs were any different from what the ALJ gleaned from the DOT.

The ALJ next made the required finding of fact comparing Plaintiff's RFC with the demonstrated demands of Plaintiff's past relevant work:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform his past relevant work as actually and

> generally performed. The claimant's residual functional capacity assessment permits a full range of medium work activity and none of his past relevant work required any greater levels of exertion.

[T. 19].

Plaintiff's assertion that no such finding was made is simply belied by the record. The implication that it was somehow inadequately articulated also fails, since no evidence contradicts the finding. Furthermore, no evidence supports an argument that a more thorough articulation would have led to a different result. See Fischer-Ross v. Barnhart, 431 F.3d 729 (10th Cir. 2005); Warner v. Barnhart, Civil No. 1:04CV00714 at 12 (M.D.N.C. Sept. 16, 2005). For these reasons, this assignment of error is overruled.

## VII.  CONCLUSION

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards, and that there is substantial evidence to support the ALJ's finding of no disability through the date of his decision.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Judgment on the Pleadings [Doc. 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 10] is **DENIED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: October 26, 2011

Martin Reidinger
United States District Judge